IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


RYAN BONNEAU,                                    3:11-CV-1347-ST

       Petitioner,                              TEMPORARY RESTRAINING
                                                 ORDER
v.

J.E. THOMAS,

       Respondent.


RYAN BONNEAU
#66700-065
FCI Sheridan
P.O. Box 5000
Sheridan, OR 97378

       Petitioner, *Pro Se*


1 - TEMPORARY RESTRAINING ORDER

**S. AMANDA MARSHALL**
United States Attorney
**RONALD SILVER**
Assistant United States Attorney
**TROY DORRETT**
Counsel for Bureau of Prisons

1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003


Attorneys for Respondent


**BROWN, Judge.**

This matter came before the Court on December 28, 2011, on Petitioner Ryan Bonneau's Motion (#6) for Temporary Restraining Order and Preliminary Injunction.  Petitioner appeared *pro se* by telephone; Respondent appeared through Assistant United States Attorney Ronald Silver and through Bureau of Prisons counsel Troy Dorrett, who also participated by telephone.

For the reasons stated on the record, the Court **denies in part, grants in part, and otherwise defers ruling** on Petitioner's Motion as follows:

In light of the fact Petitioner concedes there is a remedy for any error Respondent may make concerning the imposition of any sanction for loss-of-good-time credits by restoring such credits before Petitioner's expected release on or about April 2013, Petitioner fails in making the requisite showing for a restraining order as to his allegations concerning such

2 - TEMPORARY RESTRAINING ORDER

sanctions. *See Winter v. Natural Res. Def. Council*, 129 S. Ct. 365, 374 (2008).

Moreover, because Respondent has not yet held any disciplinary hearing concerning the two issues for which Petitioner is seeking injunctive relief, and, therefore, has not imposed any sanction against Petitioner, there is not any basis in the record for the Court to conclude Petitioner will succeed in proving any sanction he ultimately receives was imposed wrongfully or in showing an imminent risk of irreparable harm. *Id.*

Because it is likely Respondent will conduct a hearing in the near future and it is possible Respondent may conclude an immediate sanction of loss of telephone and/or email privileges is warranted, there is, however, a possibility Petitioner may be exposed to a risk of irreparable harm before he can timely seek relief from the Court. Accordingly, after Respondent has held the disciplinary hearing on the incidents at issue and if he determines an immediate sanction involving Plaintiff's telephone or email privileges is warranted, and, in the exercise of its discretion pursuant to Federal Rule of Civil Procedure 65, the Court:

(1) hereby RESTRAINS Respondent from implementing such sanctions pending further order of the Court; and

(2) directs Respondent to file a status report with the

3 - TEMPORARY RESTRAINING ORDER

Court within five (5) judicial days of the date on which the Respondent decides the discipline issue advising the Court as to what sanctions Respondent intends to impose and the time frame within which he seeks to implement the sanctions in order to give the Court the opportunity (1) to review Petitioner's Motion anew in light of the disciplinary hearing and any intended sanction and (2) to determine whether this Court's intervention is necessary and otherwise warranted by law.

IT IS SO ORDERED.

DATED this 28th day of December, 2011.

_____
ANNA J. BROWN
United States District Judge