**UNITED STATES DISTRICT COURT**
**DISTRICT OF OREGON**

**CIVIL MINUTES**

Case No.    **3:11-01347-BR**                                          Date: **March 7, 2012**

Case Title:    **Bonneau v Thomas**

Presiding Judge:  **Anna J. Brown**                        Courtroom Deputy:  **Bonnie Boyer**
                                                                                    Tele: (503) 326-8053
                                                                e-mail: Bonnie_Boyer@ord.uscourts.gov

**DOCKET ENTRY:** Order

The Court acknowledges receipt of Bonneau's Motion (#66) to "Reset Under Advisement Date, Motion to Withdraw Motion for Summary Judgment." The Court **grants** Bonneau's Motion insofar as he seeks to withdraw his Motion for Summary Judgment. With respect to Bonneau's Motion to Reset the Under Advisement Date for his now fully briefed Amended Petition (#5), the Court notes it has already issued an Order (#44) setting a scheduling conference for March 14, 2012, at 10:00 a.m., at which time the Court will set out a schedule to resolve this matter fully, and the Court will address Bonneau's Motion at that hearing.

After the Court denied Bonneau's Motion (#35) for Temporary Restraining Order at the hearing on February 7, 2012, Bonneau filed his Motion (#45) for Reconsideration of the Court's Order (#44) seeking injunctive relief enjoining Respondent from transferring him to a separate correctional institution and from imposing discipline related to the two incident reports Bonneau challenges in his Amended Petition (#5). Although the Court has, in fact, reconsidered the bases for its Order (#44) and, to that extent, grants Bonneau's Motion (#45), the Court, nevertheless, **adheres** to its Order (#44) denying Bonneau injunctive relief. The Court has determined Bonneau has not demonstrated a sufficient likelihood of success on the merits to justify injunctive relief. In particular, among the bases already set out in this record, the Court concludes: (1) Bonneau is unlikely to show he has adequately exhausted his administrative remedies with respect to each of the challenged actions and (2) Bonneau is unlikely to prevail on his claims relating to his segregation in disciplinary housing, his potential transfer to another institution, or his loss of good-conduct time.

cc:  (  ) All counsel                                                                    DOCUMENT NO: _____

**Civil Minutes**
**Hon. Anna J. Brown**                                                                        (Civil CaseMgt MO.wpd)